FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 16 PM 1:19

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATE OF AMERICA | CRIMINAL |
| VERSUS | NO. 95-101 |
| WILLIAM SCOTT | SECTION "B" |

### TRANSFER ORDER

Defendant, WILLIAM SCOTT, has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 1996 guilty-plea conviction and sentence. To support his challenge, defendant asserts the following grounds for relief:

1) The grand jury indictment was not returned into open court, which rendered the indictment fatally defective;

2) The district court erred in failing to consider the strong mitigating factors when imposing sentence;

3) The upward departure in imposing a life sentence is unreasonable and an infliction of cruel and unusual punishment.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

A review of this Court's record reflects that defendant has filed a prior § 2255 motion related to this same conviction and sentence. In that motion, filed in March 2000,[1] defendant raised the following grounds for relief:

1) His conviction was obtained in violation of his right to effective assistance of counsel.

That motion was denied with prejudice on the merits by Judgment entered May 28, 2002. Defendant appealed that judgment. The Fifth Circuit Court of Appeals denied his request for a certificate of appealability. See Rec. Doc. No. 93.

The motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or

2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this District Court, the defendant must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that

---

[1] Defendant filed a Motion to Vacate and two Amended Motions to Vacate in March 2000. (See Rec. Doc. Nos. 54, 55, and 57). The Court considered and denied all of these motions in its Judgment entered on May 28, 2002.

2

appellate court as required by § 2255.  Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that defendant's motion be construed in part as a motion for certification for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

New Orleans, Louisiana, this 16th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE